# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. |
| DAVID E. GORSKI, ) | 12-10338-FDS |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER ON APPLICABILITY OF CRIME-FRAUD EXCEPTION TO ATTORNEY-CLIENT PRIVILEGE AND DIRECTING COMPLIANCE WITH SUBPOENAS

**SAYLOR, J.**

Defendant David Gorski is charged with mail fraud and conspiracy to defraud the United States. Among other things, the government alleges that Gorski used the services of the law firm Mintz Levin Cohn Ferris Glovsky & Popeo, P.C. to create fraudulently backdated documents as part of a scheme to obtain government contracts. Those documents purport to show that a company Gorski controlled, Legion Construction, Inc., had undergone a corporate restructuring on February 1, 2010. According to the government, Gorski intended to defraud the Small Business Administration into believing that Legion was a service-disabled veteran-owned small business ("SDVOSB") that was qualified to bid on certain government contracts within the meaning of new regulations that went into effect on February 8, 2010. According to the government, the restructuring did not actually occur until March 2010.

The government has issued subpoenas under Fed. R. Crim. P. 17(c) to Legion and Mintz Levin that command the production of various documents. Mintz Levin and Legion withheld production of certain documents on the ground that they constituted privileged attorney-client communications. On August 7, 2014, the Court granted the government's motion for an *in*

*camera* examination under *United States v. Zolin*, 494 U.S. 554 (1989), to determine whether the crime-fraud exception to the attorney-client privilege applied. On August 11, Mintz Levin submitted 2,721 pages of documents for review, as well as a disc containing copies of three voicemail messages. Legion has also submitted a large amount of unnumbered documents for review. The Court reviewed the relevant documents *in camera* and held an *ex parte hearing* on September 4, 2014.

The crime-fraud exception to the attorney-client privilege "excludes communications from client to attorney made (1) when the client was engaged in (or was planning) criminal or fraudulent activity, and (2) with the intent to facilitate or conceal the criminal or fraudulent activity." *United States v. Albertelli*, 687 F.3d 439, 450 (1st Cir. 2012). To pierce the attorney-client privilege under the crime-fraud exception, a party must make a *prima facie* showing that the exception applies. *In re Grand Jury Proceedings*, 417 F.3d 18, 22 (1st Cir. 2005). That showing is made if "there is a reasonable basis to believe that the lawyer's services were used by the client to foster a crime or fraud." *Id.* at 23. The party seeking to defeat the privilege must show "on something less than a mathematical (more likely than not) probability that the client intended to use the attorney in furtherance of a crime or fraud." *Id.* The inquiry focuses on the intent of the client, not of the attorney, and "requires the client's *use or aim to use* the lawyer to foster the crime or the fraud." *Id.* (emphasis in original).

After review, and for the reasons stated on the record in open court at the September 4 hearing, the Court finds that the crime-fraud exception applies to the documents in question. Specifically, the Court finds that there is a reasonable basis to believe that defendant Gorski, whether individually or as an officer, director, and stockholder of Legion, used the services of Mintz Levin in order to foster or further a crime or fraud against the United States and its

agencies. Among other things, the relevant documents appear to show that there is a reasonable basis to believe that Gorski used the law firm to create backdated documents in order to submit them to the Small Business Administration and make it appear that Legion qualified as a SDVOSB within the meaning of new federal regulations that went into effect on February 8, 2010. Therefore, the crime-fraud exception applies, and the documents are not protected by the attorney-client privilege. The Court notes that it is of course making no finding as to Gorski's guilt beyond a reasonable doubt, or any other finding other than the applicability of the exception.

Accordingly, Legion Construction, Inc., and Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., are hereby ORDERED to produce the documents covered by this order, and responsive to the Rule 17(c) subpoenas issued by the government, on or before Monday, September 8, 2014 at 5:00 p.m.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: September 4, 2014