UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES of AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. |
| DAVID E. GORSKI, | ) | 12-10338-FDS |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SUPPLEMENTAL MEMORANDUM AND ORDER ON APPLICABILITY OF
CRIME-FRAUD EXCEPTION TO ATTORNEY-CLIENT PRIVILEGE
AND DIRECTING COMPLIANCE WITH SUBPOENAS**

**SAYLOR, J.**

On October 23, 2012, Defendant David Gorski was indicted for one count of conspiracy to defraud the United States and four counts of wire fraud, in violation of 18 U.S.C. §§ 371 and 1343. Among other things, the government alleges that Gorski used the services of the law firm Mintz Levin Cohn Ferris Glovsky & Popeo, P.C. to create fraudulently backdated documents as part of a scheme to obtain government contracts. Those documents purport to show that a company Gorski controlled, Legion Construction, Inc., had undergone a corporate restructuring on February 1, 2010. According to the government, Gorski intended to defraud the Small Business Administration into believing that Legion was a service-disabled veteran-owned small business ("SDVOSB") that was qualified to bid on certain government contracts within the meaning of new regulations that went into effect on February 8, 2010. According to the government, the restructuring did not actually occur until March 2010.

The government has issued subpoenas under Fed. R. Crim. P. 17(c) to Legion and Mintz Levin that command the production of various documents. Mintz Levin and Legion withheld

production of certain documents on the ground that they constituted privileged attorney-client communications.  On August 7, 2014, the Court granted the government's motion for an *in camera* examination under *United States v. Zolin*, 494 U.S. 554 (1989), to determine whether the crime-fraud exception to the attorney-client privilege applied.[1]  On August 11, Mintz Levin submitted 2,721 pages of documents for review, as well as a disc containing copies of three voicemail messages.  Legion also submitted a large amount of unnumbered documents for review.  The Court reviewed the relevant documents *in camera* and held an *ex parte hearing*.  After that review, and after reconsideration of an earlier order, the Court eventually held that certain documents were subject to the crime-fraud exception and therefore should be produced.  The Court further ruled that certain documents representing communications between Gorski and his personal attorney, Elizabeth Schwartz, Esq., of the law firm Malofsky & Schwartz in Worcester, were not subject to the exception, and therefore privileged.

Gorski and Legion appealed to the United States Court of Appeals for the First Circuit, which affirmed the Court's order on December 9, 2015.  The government, however, cross-appealed the finding that the Schwartz documents were not subject to the crime-fraud exception.  As to that portion of the Court's order, the First Circuit reversed, and remanded the matter for further proceedings.

---

[1] The crime-fraud exception to the attorney-client privilege "excludes communications from client to attorney made (1) when the client was engaged in (or was planning) criminal or fraudulent activity, and (2) with the intent to facilitate or conceal the criminal or fraudulent activity."  *United States v. Albertelli*, 687 F.3d 439, 450 (1st Cir. 2012).  To pierce the attorney-client privilege under the crime-fraud exception, a party must make a *prima facie* showing that the exception applies.  *In re Grand Jury Proceedings*, 417 F.3d 18, 22 (1st Cir. 2005).  That showing is made if "there is a reasonable basis to believe that the lawyer's services were used by the client to foster a crime or fraud."  *Id.* at 23.  The party seeking to defeat the privilege must show "on something less than a mathematical (more likely than not) probability that the client intended to use the attorney in furtherance of a crime or fraud."  *Id.*  The inquiry focuses on the intent of the client, not of the attorney, and "requires the client's *use or aim to use* the lawyer to foster the crime or the fraud."  *Id.* (emphasis in original).

The Court has conducted a further review of the Elizabeth Schwartz records in accordance with the opinion of the First Circuit. After review, the Court finds that the crime-fraud exception applies to the following documents:

1. e-mail dated November 19, 2009 (11:05 a.m.) from David Gorski to Elizabeth Schwartz;

2. e-mail dated February 16, 2010 (7:19 a.m.) from David Gorski to Elizabeth Schwartz, with attachments;

3. e-mail dated February 16, 2010 (7:19 a.m.) from David Gorski to Elizabeth Schwartz, with attachments and with tracking information;

4. Document entitled "Legion: Executive Employment Agreement Comments 2/21/10";

5. e-mail dated February 23, 2010 (10:45 p.m.) from David Gorski to Elizabeth Schwartz, with attachment;

6. e-mail dated March 1, 2010 (1:38 p.m.) from David Gorski to Elizabeth Schwartz, with attachments;

7. e-mails dated March 1-3, 2010, including the following:

    March 3, 2010 (1:39 p.m.) from David Gorski to Elizabeth Schwartz;

    March 3, 2010 (12:21 p.m.) from Elizabeth Schwartz to David Gorski; and

    March 1, 2010 (1:38 p.m.) from David Gorski to Elizabeth Schwartz;

8. e-mails dated March 1-4, 2010, including the following:

    March 4, 2010 (1:36 p.m.) from David Gorski to Elizabeth Schwartz;

    March 4, 2010 (1:31 p.m.) from Elizabeth Schwartz to David Gorski;

    March 3, 2010 (1:39 p.m.) from David Gorski to Elizabeth Schwartz;

    March 3, 2010 (12:21 p.m.) from Elizabeth Schwartz to David Gorski; and

    March 1, 2010 (1:38 p.m.) from David Gorski to Elizabeth Schwartz;

9.  e-mails dated March 1-4, 2010, including the following:

    March 4, 2010 (2:18 p.m.) from David Gorski to Elizabeth Schwartz;

    March 4, 2010 (1:55 p.m.) from Elizabeth Schwartz to David Gorski;

    March 4, 2010 (1:36 p.m.) from David Gorski to Elizabeth Schwartz;

    March 4, 2010 (1:31 p.m.) from Elizabeth Schwartz to David Gorski;

    March 3, 2010 (1:39 p.m.) from David Gorski to Elizabeth Schwartz;

    March 3, 2010 (12:21 p.m.) from Elizabeth Schwartz to David Gorski; and

    March 1, 2010 (1:38 p.m.) from David Gorski to Elizabeth Schwartz;

10.  e-mail dated March 11, 2010 (7:41 a.m.) from David Gorski to Elizabeth Schwartz;

11.  e-mails dated March 11, 2010, including the following:

    March 11, 2010 (12:31 p.m.) from Elizabeth Schwartz to David Gorski; and

    March 11, 2010 (7:41 a.m.) from David Gorski to Elizabeth Schwartz;

12.  e-mails dated March 11, 2010, including the following:

    March 11, 2010 (12:33 p.m.) David Gorski to Elizabeth Schwartz;

    March 11, 2010 (12:31 p.m.) from Elizabeth Schwartz to David Gorski; and

    March 11, 2010 (7:41 a.m.) from David Gorski to Elizabeth Schwartz;

13.  e-mail dated March 18, 2010 (5:52 p.m.) from David Gorski to Elizabeth Schwartz;

14. e-mail dated March 20, 2010 (3:36 p.m.) from Elizabeth Schwartz to David Gorski;

15. e-mail dated April 7, 2010 (10:59 a.m.) from Elizabeth Schwartz to David Gorski, with attachment; and

16. Document entitled "Invoice #: 3968" dated April 7, 2010, from Malofsky & Schwartz, LLP to David Gorski.

Specifically, the Court finds that there has been a *prima facie* showing that (1) based on the indictment and the context and timing of the attorney-client communications, Gorski was engaged in or was planning criminal or fraudulent activity when the attorney-client communications took place, and (2) Gorski, whether individually or as an officer, director, and stockholder of Legion, used the services of Schwartz in order to facilitate a crime or fraud against the United States and its agencies. Among other things, the documents in question appear to show that there is a reasonable basis to believe that Gorski used the services of Attorney Schwartz in furtherance of a scheme to defraud; the goal of that scheme appears to have been to present Legion as qualifying as a SDVOSB within the meaning of new federal regulations that went into effect on February 8, 2010; and that part of the scheme involved backdating an agreement that was executed on March 23, 2010, and included in an April 5, 2010 filing with the SBA. Therefore, the crime-fraud exception applies, and the documents are not protected by the attorney-client privilege. The Court notes that it is of course making no finding as to Gorski's guilt beyond a reasonable doubt, or any other finding other than the applicability of the exception.

Accordingly, Legion Construction, Inc., is hereby ORDERED to produce the documents covered by this order, and responsive to the Rule 17(c) subpoenas issued by the government, on

or before February 12, 2016, at 5:00 p.m.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: February 2, 2016                    United States District Judge

or before February 12, 2016, at 5:00 p.m.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV

Dated: February 2, 2016                    United States District Judge