UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. |
| DAVID E. GORSKI, | ) 12-10338-FDS |
| | ) |
| Defendant. | ) |

## ORDER ON MOTIONS IN LIMINE

**SAYLOR, J.**

During the pre-trial hearing held on May 18, 2016, the Court heard argument on the parties' motions in limine. After careful review, it is hereby ordered as follows:

1. The government's motion for a Rule 17 subpoena (Docket No. 245) is GRANTED.

2. The government's omnibus motion (Docket No. 246) is GRANTED in part and DENIED in part, and taken under advisement in part.

    - The government's motion to admit business and public records is DENIED without prejudice to its renewal as to specific documents.

    - The government's motion to admit the tax returns of Joseph Steen is taken under advisement.

    - The government's motion to admit summary charts in evidence is DENIED without prejudice to its renewal after laying a proper evidentiary foundation. The government may use summary charts as demonstrative aids, assuming that they reflect the evidence and are not otherwise unfair.

    - The government's motion to admit summary evidence of Legion's 199 SDVOSB

contracts is GRANTED, subject to the laying of a proper evidentiary foundation and based on the representation that the contracts were previously made available to defendant for inspection as discovery in this case.  The government shall not misrepresent the gross revenue or dollar amount of the contracts as "profits" or any similar phrasing.

- The government's motion to admit metadata testimony is GRANTED.

- The government's motion to treat certain former Legion employees as hostile or adverse witnesses is DENIED without prejudice to its renewal after an appropriate showing under Rule 611.

- The government's motion to prevent defendant from offering his own out-of-court statements in interviews and business records is DENIED without prejudice to its renewal as to specific statements offered during trial.

- The government's motion to prevent defendant from presenting certain arguments, which it has characterized as jury nullification arguments, is GRANTED.  The following evidence is not admissible:  any evidence that the government saved money by contracting with Legion as opposed to a qualifying SDVOSB; any evidence as to the quality of Legion's performance under the contracts; any evidence that the government contracting officers who awarded or supervised Legion contracts were negligent for failing to have detected the alleged fraud; and any evidence of defendant's potential sentence.  This ruling is without prejudice to defendant's ability to explore, within appropriate limits, whether the service disabled veterans at issue had "managerial experience of the extent and complexity needed to run the concern."

3. The government's motion to admit co-conspirator statements (Docket No. 247) is GRANTED in part and DENIED in part.

   - During the pre-trial hearing, the government indicated that it will seek to introduce three out-of-court statements by alleged co-conspirators that appear to be offered for the truth of the matter asserted: (1) a statement by Joseph Steen allegedly telling Dennis Cole in 2007 "that's the way they want to do it"; (2) Steen's tax returns; and (3) Ianuzzi's tax returns. Based on the record, the Court is prepared to admit the statement of Steen provisionally under Fed. R. Evid. 801(d)(2)(E) and make the necessary finding in accordance with *United States v. Petrozziello*, 548 F.2d 20 (1st Cir. 1977) during the final pre-trial hearing. The issues concerning the tax returns are taken under advisement. The remainder of the government's motion is DENIED as unnecessary, as the statements appear to be admissible on other grounds.

4. The government's motion to preclude defendant from asserting an advice-of-counsel defense (Docket No. 252) is taken under advisement. During the pre-trial hearing, defendant indicated that he will not seek a formal advice-of-counsel-defense instruction; rather, he seeks to offer evidence, including correspondence and conversations with counsel, that he lacked the requisite *mens rea*. Defendant indicated that he will not assert the attorney-client privilege as to the relevant advice, and that there are no otherwise privileged documents that have not been produced to the government. Defendant was directed to produce exhibit and witness lists during the pre-trial hearing.

5. The government's sealed motion (Docket No. 257) is taken under advisement.

6. The government's motion to prevent defendant from offering evidence of events occurring after November 23, 2010 (Docket No. 267) is GRANTED in part and DENIED in part.

    - The government's motion to exclude evidence of the site visit to Legion by the Center for Veterans Enterprises in December 2010, and any subsequent write-up or report, is granted, as the evidence is irrelevant and in any event inadmissible under Rule 403.
    - The government's motion to exclude evidence of bid protests by Alares, LLC and Williams Building Co., Inc., concerning the size of Legion is granted in part. The actual bid-protest documents are not admissible. However, to the extent that the government calls either Donald Maggioli (the principal of Alares) or Timothy Williams (the principal of Williams Building) as a witness, the Court may allow cross-examination regarding any potential bias or motive they may have against defendant, which may include, as appropriate, evidence that they caused the protests to be filed.
    - The government has indicated that it will not call Frye as a witness. Accordingly, evidence about the debarment proceedings is irrelevant.

7. Defendant's motion to exclude evidence of Ianuzzi's specific disability rating (Docket No. 258) is GRANTED in part and DENIED in part. The Court will admit the fact of Ianuzzi's specific disability rating of 10%, but as a general matter, the nature and cause of his disability are not relevant and not admissible. The Court will provide the jury with an appropriate cautionary instruction at defendant's request.

8. Defendant's motion for disclosure of Patel's pre-sentence report (Docket No. 260)

taken under advisement pending the filing by defendant of an *ex parte* motion on potential impeachment issues.

The Court will supplement this order as appropriate.

**So Ordered.**

Dated: May 23, 2016

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge