UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES of AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. |
| DAVID E. GORSKI, | ) ) | 12-10338-FDS |
| Defendant. | ) ) ) | |

## ORDER ON MOTION IN LIMINE CONCERNING TAX RETURNS

**SAYLOR, J.**

This is a criminal prosecution arising out of allegedly false representations concerning a corporation's eligibility to obtain contracts as a service-disabled veteran-owned small business ("SDVOSB"). Defendant David Gorski is charged with one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and four counts of wire fraud in violation of 18 U.S.C. § 1343. The government contends that Gorski, who operated a company called Legion Construction, Inc., misrepresented that Legion was a SDVOSB in order to qualify for and obtain government contracts.

On August 8, 2014, Gorski moved to exclude the tax returns of unindicted alleged co-conspirator Joseph Steen as inadmissible hearsay under Fed. R. Evid. 802. (Docket No. 122). The government opposed the motion, contending that Steen's tax returns, which allegedly state that Steen earned wages from Legion Construction, Inc., contain non-hearsay co-conspirator statements that are admissible under Fed. R. Evid. 801(d)(2)(E). (Docket No. 130). Specifically, the government contends that Steen's statement on his tax returns—that he earned wages as a Legion employee—was made in furtherance of the conspiracy because it "legitimiz[ed] the

transfer of money from Legion to Steen to secure his participation in the conspiracy and fraudulently represent[ed] that Steen actually performed work for . . . Legion." (*Id.*).

After the parties cross-appealed to the First Circuit on issues relating to the crime-fraud exception to the attorney-client privilege, the government moved to admit Steen's tax returns. (Docket Nos. 246, 247). In addition to its previous argument that the tax returns are admissible as co-conspirator statements under Rule 801(d)(2)(E), the government also contends that the tax returns are admissible because they are not being offered for the truth of the matter asserted. Rather, the government contends that it is offering Steen's statement on his tax returns—that he earned wages as a Legion employee—as evidence of a false statement. Gorski maintains that the tax returns are inadmissible because they were not material to Legion's SDVOSB certification, and therefore not made in furtherance of the conspiracy.

Under the government's theory, Steen, who allegedly did no real work for Legion, recovered money from Legion in exchange for the company's use of his service-disabled veteran status. To provide cover for that arrangement, Legion issued W-2s to Steen for each tax year after the first year (when Steen reported the payments as investment income). Steen then reported the income as wages or salary on his income tax return.

Accordingly, it appears that Steen's statement on his tax returns—that he earned a certain amount of wages as a Legion employee—is being offered by the government not for the truth of the matter asserted, but because it was false. Accordingly, if the statement is not being offered for its truth, it is not hearsay. *See Anderson v. United States*, 417 U.S. 211, 219-20 (1974) ("The obvious question that arises in the present case, then, is whether the out-of-court statements . . . were hearsay. We think it plain they were not. Out-of-court statements constitute hearsay only when offered in evidence to prove the truth of the matter asserted.

The . . . testimony . . . however, was not admitted into evidence in the trial to prove the truth of anything asserted therein.  *Quite the contrary, the point of the prosecutor's introducing those statements was simply to prove that the statements were made so as to establish a foundation for later showing through other admissible evidence, that they were false*." (footnotes omitted) (emphasis added)).

To the extent that the government is offering the statement in Steen's tax returns for the truth of the matter asserted—for example, that Steen received money from Legion—it appears that such a statement is admissible under Rule 801(d)(2)(E).  Under the government's theory of the charged conspiracy, Legion issued Steen W-2s to provide apparent legitimacy for the payments needed to secure his participation in the scheme.  Accordingly, to the extent that it is being offered for the truth of the matter asserted, the Court is prepared to admit that particular statement—that Steen received money from Legion—provisionally under Fed. R. Evid. 801(d)(2)(E).  The Court will make the necessary finding in accordance with *United States v. Petrozziello*, 548 F.2d 20 (1st Cir. 1977) during the final pre-trial hearing.

The Court makes no finding as to the remainder of Steen's tax returns, such as whether other statements on the returns are otherwise inadmissible under Fed. R. Evid. 802 or 403.

For the foregoing reasons, defendant's motion to exclude Steen's tax returns (Docket No. 122) is DENIED, and the government's motions to admit Steen's tax returns (Docket Nos. 246, 247) are GRANTED IN PART.

**So Ordered.**

Dated: May 25, 2016

/s/ F. Dennis Saylor  
F. Dennis Saylor IV  
United States District Judge