# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA ) <br> ) <br> v. ) <br> ) <br> DAVID E. GORSKI, ) <br> ) <br> Defendant. ) <br> ) | Criminal No. <br> 12-10338-FDS |

## ORDER REGARDING A STAY OF FORFEITURE

**SAYLOR, J.**

Upon consideration of the motion of defendant David Gorski for stay of forfeiture, and pursuant to Fed. R. Crim. P. 32.2(d) and 21 U.S.C. § 853(h), the Court rules as follows:

On November 28, 2016, this Court entered an order of judgment against the defendant, which included entry of an order of forfeiture in the form of a personal money judgment against the defendant in the amount of $6,756,205.65. (Docket No. 401).

On November 28, 2016, the defendant filed a notice of appeal as to his conviction, including the forfeiture order. (Docket No. 402).

Following entry of the order of forfeiture, upon application by the United States, Chief Magistrate Judge Jennifer Boal issued seizure warrants for the following assets:

a) All funds on deposit in Enterprise Bank gold checking account number **6544, held in the name of David E. Gorski and Kimberly L. Gorski;

b) All funds on deposit in Enterprise Bank gold money market account number **6560, held in the name of David E. Gorski and Kimberly L. Gorski;

c) All funds on deposit in Morgan, Stanley, Smith, Barney LLC rollover IRA

account number \*\*\*-\*\*\*\*\*8-309, held in the name of David E. Gorski;

d) All funds on deposit in Morgan, Stanley, Smith, Barney LLC personal account number \*\*\*-\*\*\*\*\*0-309, held in the name of David E. Gorski and Kimberly L. Gorski;

e) All funds on deposit in Morgan, Stanley, Smith, Barney personal account number \*\*\*-\*\*\*\*\*3-309, held in the name of David E. Gorski and Kimberly L. Gorski; and

f) All Funds on deposit in Massachusetts Mutual Life Insurance Company 401k account number \*\*9196, held in the name of David E. Gorski, Hawthorne Commercial Construction LLC

g) one 2009 Ford F-150, LGTCON pickup, bearing Massachusetts registration number 376RP7 and vehicle identification number 1FTPW14V39KC23062 (the "Ford F-150");

h) one 2011 Mercedes Benz E350 sedan, bearing Massachusetts registration number 3TJZ10 and vehicle identification number WDDHF8HB0BA432015; and

i) one 2005 Porsche 911 convertible, bearing Massachusetts registration number 641NP9 and vehicle identification number WP0CB29985S76594

(collectively, the "Substitute Assets").[1]

Pursuant to Fed. R. Crim. P. 32.2(d) and 21 U.S.C. § 853(h), the Court is authorized to enter a stay as to forfeiture of property to prevent the sale or disposition of the property, but such

---

[1] The investment accounts are "seized in place," meaning that the funds remain in the custody of the financial institution in the investment account in which they are deposited, and the funds may not be moved, or otherwise dissipated absent further order of the Court. The Ford F-150 pickup was released to the defendant by the United States after the Court ordered the release based upon a hardship request by the defendant. The other vehicles are in the custody of the United States.

stay may not delay any ancillary proceeding or the determination of a third party's rights or interests.

It is hereby ORDERED, ADJUDGED, AND DECREED that:

1. All Substitute Assets are hereby RESTRAINED (the "Restrained Assets").

2. Defendant, his agents, servants, employees, attorneys, family members, all other persons in active concert or participation with them, and those persons, financial institutions, or other entities who have any possession, interest or control over the Restrained Assets, shall not, without prior approval of this Court, upon notice to the United States and an opportunity for the United States to be heard:

    (a) alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of the Restrained Assets in any manner, directly or indirectly;

    (b) cause the Restrained Assets to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or

    (c) take, or cause to be taken, any action which could have the effect of concealing the Restrained Assets, removing the Restrained Assets from the jurisdiction of this Court, or damaging, depreciating, or diminishing the value of, the Restrained Assets.

3. Defendant is hereby placed on notice that if the Restrained Assets are transferred, dissipated, or disposed of by any means, without approval of this Court, the Court may require the defendant to account to the Court for the disposition and location of the Restrained Assets and any proceeds traceable thereto. The United States, or its agents, shall serve this Order upon the defendant and shall provide due notice of the Order to other persons and entities subject to the Order.

4. It is further ORDERED that such persons and entities, upon receipt of such notice, which may be provided by facsimile transmission, shall fully comply with the terms of this Order immediately upon such receipt.

5. Such restraint shall remain in effect until further order of this Court.

6. Notwithstanding the restraint on the Restrained Assets imposed by Paragraph 2 herein, and pending further order of the Court, defendant may access funds on deposit in Morgan, Stanley, Smith, Barney personal account number \*\*\*-\*\*\*\*\*3-309, held in the name of David E. Gorski and Kimberly L. Gorski, for payment of his family's basic monthly expenses, not to exceed $7,000 per month. Furthermore, notwithstanding the restraint on the Restrained Assets imposed by Paragraph 2 herein, Morgan, Stanley, Smith, Barney may continue to actively manage all brokerage accounts or IRA accounts, including trading securities within such accounts.

7. Within 21 days of the date of this order, defendant shall submit an affidavit to the Court detailing his and his family's monthly living expenses, including housing, utilities, loan payments, credit card payments, telephone/cable/internet, food, and similar expenses. Upon review of that affidavit, the government may seek to modify the terms of this order as may be appropriate.

8. Defendant's Motion for Stay is granted to the extent that the United States may not sell or dispose of any of the Restrained Assets pending final adjudication of defendant's pending appeal, and any final order of forfeiture shall enter after adjudication of the defendant's pending appeal. The stay does *not* apply to any other aspect of forfeiture proceedings regarding the Restrained Assets, which

includes but is not limited to, sending notice of forfeiture to third parties, publishing notice of forfeiture, litigating any ancillary proceeding that may arise if a third party files a claim to any Restrained Assets, and taking all other steps necessary toward entry of a final order of forfeiture.

**So Ordered.**

Dated: February 2, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge