UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-10338-FDS |
| | ) | |
| DAVID E. GORSKI, | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE
IN PARTIAL SATISFACTION OF ORDER OF FORFEITURE (MONEY JUDGMENT)**

The United States of America, by its attorney, Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) in the above-captioned case, pursuant to 21 U.S.C. § 853(p), incorporating 28 U.S.C. § 2461(c), and Rule 32.2(b) and (e) of the Federal Rules of Criminal Procedure.   A proposed Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) is submitted herewith.   In support thereof, the United States sets forth the following:

1.  On October 23, 2012, a federal grand jury sitting in the District of Massachusetts returned a five-count Indictment, charging defendant David E. Gorski (the "Defendant"), with Conspiracy to Defraud the United States, in violation of 18 U.S.C. § 371 (Count One); and Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts Two through Five).

2.  The Indictment included a forfeiture allegation, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), which provided notice that the United States sought the forfeiture, upon conviction of the Defendant of one or more of the offenses charged in Counts Two through Five of the Indictment, of any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses.

3. The Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the Defendant up to the value of the property described above.

4. On June 15, 2016, after a twelve-day jury trial, a jury found the Defendant guilty of Counts One through Five of the Indictment. *See* Docket No. 335.

5. On November 28, 2016, and based on the evidence and testimony presented at trial, as well as the evidence and testimony presented during the November 21, 2016 forfeiture hearing, this Court issued an Order of Forfeiture (Money Judgment) against the Defendant, in the amount of $6,756,205.65 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). *See* Docket No. 401-1. This amount represented the proceeds of the Defendant's crimes.

6. Pursuant to the Order of Forfeiture (Money Judgment) and Rule 32.2(e) of the Federal Rules of Criminal Procedure, the Court also ordered that the United States was entitled to amend its Order of Forfeiture (Money Judgment) at any time to include substitute property having a value not to exceed $6,756,205.65 in United States currency to satisfy the Order of

Forfeiture (Money Judgment) in whole or in part.[1]

7.     The United States Department of the Treasury, Treasury Offset Program ("TOP"), disburses federal payments on behalf of federal debtors, such as federal tax refunds, to the creditor federal agencies.   In this case, by virtue of the Order of Forfeiture (Money Judgment), the Defendant is a debtor, and the Department of Justice is a creditor agency.   Pursuant to TOP, the United States has identified the following property in which the Defendant has an interest, which is therefore subject to forfeiture as a substitute asset in partial satisfaction of the Defendant's outstanding forfeiture money judgment:

(a)     $434.32 in United States currency (the "Currency").

8.     Pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment) against the Currency.

9.     Upon the issuance of a Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), and pursuant to 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days, notice of the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Order of Forfeiture (Money Judgment), and notice of the United States' intent to dispose of the Currency on the government website www.forfeiture.gov, and notice that any person, other than the Defendant, having or claiming a legal interest in the

---

[1] Upon entry of a final order of forfeiture, the United States will credit the Currency to the Defendant's current outstanding forfeiture money judgment, which has been reduced by assets previously forfeited from the Defendant.   The current balance of the Defendant's forfeiture money judgment is approximately $5,294,351.58.

3

Currency, must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

10. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Currency, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Currency, and any additional facts supporting the petitioner's claim and the relief sought.

11. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Currency, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court enter the Preliminary Order of Forfeiture for Substitute Assets in Partial Satisfaction of Money Judgment in the form submitted herewith.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney,

By: /s/ Carol E. Head
CAROL E. HEAD
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100
Carol.Head@usdoj.gov

Dated: December 4, 2023